UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS INC.,<br><br>        Debtor. | Case No. 08-01420 (JMP) SIPA |
| THE OPTIONS CLEARING CORPORATION,<br><br>        Interpleader Plaintiff,<br><br>v.<br><br>BARCLAYS CAPITAL INC., AUSTRALIA &<br>NEW ZEALAND BANKING GROUP LTD.,<br>BANK OF TOKYO-MITSUBISHI UFJ, LTD.,<br>LLOYDS TSB BANK plc, and JAMES W.<br>GIDDENS, in his capacity as Trustee for Lehman<br>Brothers Inc.,<br><br>        Interpleader Defendants. | Adv. Proc. No. 08-01759 (JMP) |

**ORDER GRANTING TRUSTEE'S MOTION, PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, FOR AN ORDER (i) APPROVING SETTLEMENT AGREEMENT BETWEEN TRUSTEE AND AUSTRALIA AND NEW ZEALAND BANKING GROUP LIMITED ("ANZ"); AND (ii) DISMISSING ANZ FROM ADVERSARY PROCEEDING IN WITH ITS ASSIGNMENT OF CLAIMS TO TRUSTEE.**

Upon the motion, dated May 25, 2011 (the "Motion"), of James W. Giddens (the "Trustee"), trustee for the SIPA liquidation of Lehman Brothers Inc. ("LBI"), pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (i) approving a Settlement Agreement between the Trustee and Australia and New Zealand Banking Group Limited ("ANZ") (the "Settlement"), and (ii) dismissing ANZ from the above-captioned Adversary Proceeding in connection with the assignment to the Trustee of ANZ's

claims in such Proceeding; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBI, its estate, customers and creditors; and the Trustee having articulated good, sufficient and sound business justifications for the relief requested in the Motion, including good cause for the dismissal of ANZ from the above-captioned Adversary Proceeding; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, the Settlement is approved and the Trustee is duly authorized to execute, deliver, implement and fully perform the Settlement Agreement and Assignment Agreement annexed as Exhibits to the Motion, which Agreements are approved, and to take any and all actions reasonably necessary or appropriate to consummate the Settlement and perform any and all obligations contemplated therein; and it is further

ORDERED that Interpleader Defendant ANZ is hereby dismissed from the adversary proceeding captioned *The Options Clearing Corporation v. Barclays Capital Inc., et. al.*, Adv. Proc. No. 08-01759 (JMP). (the "<u>Interpleader Action</u>"); and it is further

ORDERED that nothing in this settlement shall affect in any way the rights of the remaining parties to the Interpleader Action, and ANZ shall continue to be subject to the

discovery obligations of a party under the Federal Rules of Civil Procedure and the Federal Bankruptcy Rules; and it is further

ORDERED that the terms of this Order shall be immediately effective and enforceable upon its entry and that no reason exists for delay in this Order becoming final pursuant to Federal Rule of Civil Procedure 54(b) as made applicable in this proceeding by Bankruptcy Rule 7054. The Clerk is hereby directed to enter this Order dismissing ANZ from the Interpleader Action pursuant to Federal Rule of Civil Procedure 54(b); and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order and the effectuation of Settlement Agreement and Assignment Agreement.

Dated: New York, New York
　　　　June 16, 2011

　　　　　　　　　　　　　　　　　　　　　　　_s/ James M. Peck_
　　　　　　　　　　　　　　　　　　　　　　　HONORABLE JAMES M. PECK
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE